UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT J. SCHULZ, PERSONAL REPRESENTATIVE OF THE WILL OF ELEANOR W. LAMBERT,<br><br>        Plaintiff,<br><br>   v.<br><br>NORTHEASTERN UNIVERSITY,<br><br>        Defendant. | Case No. 1:23-cv-12128<br><br>REMOVED FROM THE COMMONWEALTH OF MASSACHUSETTS, BARNSTABLE SUPERIOR COURT, CASE NO. 2372CV00295 |

## NOTICE OF REMOVAL

Defendant, Northeastern University ("Northeastern" or "Defendant"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, submits this Notice of Removal with respect to the above captioned case from the Commonwealth of Massachusetts, Barnstable Superior Court. In support of its Notice of Removal, Defendant states as follows:

## BACKGROUND AND TIMELINESS

1. On or about August 7, 2023, Plaintiff Albert J. Schulz, Personal Representative of the Will of Eleanor W. Lambert ("Schulz" or "Plaintiff") filed his complaint in the Commonwealth of Massachusetts, Barnstable Superior Court, titled, A*lbert J. Schulz, Personal Representative of the Will of Eleanor W. Lambert v. Northeastern University,* Docket No. 2372CV00295 (the "State Court Action")

2. On August 18, 2023, Northeastern University was served. A copy of all "process, pleadings and orders" received by Defendant in the state court action is attached as **Exhibit A**. *See* 28 U.S.C. § 1446(a).

3. Because Defendant has filed this Notice of Removal within thirty days of receipt of the Complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(3); *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 74 (1st Cir. 2014).

**THE CASE IS REMOVABLE BASED ON FEDERAL QUESTION JURISDICTION**

4. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. Although Plaintiff attempts to couch his claims under state law, Plaintiff specifically alleges Eleanor W. Lambert ("Mrs. Lambert") was not paid for alleged benefits under Northeastern University's Retiree Major Medical Plan, which is attached to the Complaint as Exhibit 1. Compl. ¶¶ 8, 25, 30, Ex. 1. The Northeastern Retiree Major Medical Plan is an "employee welfare benefit plan" governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*.

6. ERISA defines "employee welfare benefit plan" as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . ." 29 U.S.C. § 1001, 29 U.S.C. § 1002(1).

7. ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under

employee benefit plans. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran,* 536 U.S. 355 (2002).

8. As ERISA provides the exclusive remedy for a claim of benefits, ERISA "completely preempts" any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan. *See, e.g.*, *Aetna Health, Inc. v. Davila,* 542 U.S. 200 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 1132(a)).

9. A claim filed in state court is removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law, even where the complaint does not on its face allege that it arises under ERISA. *Metropolitan Life Ins. Co.*, 481 U.S. at 65, 66 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of [ERISA] § 502(a) [29 U.S.C. § 1132(a)] removable to federal court"; "All such actions in Federal or State courts are to be regarded as arising under the laws of the United States.").

10. Accordingly, Plaintiff's lawsuit is one to recover benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and this Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a).

## **VENUE AND NOTICE**

11. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 101, this Court embraces the Barnstable Superior Court, Commonwealth of

Massachusetts. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

12. Prompt written notice of this Notice of Removal has been sent to Plaintiff through his counsel, and to the Clerk of Court for Barnstable Superior Court, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as **Exhibit B**.

## CONCLUSION

13. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. §§ 1441(a).

14. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

15. Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendant respectfully requests that the Court retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant Northeastern University, requests that the above-described action pending against it be removed to the United States District Court for the District of

Massachusetts. Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

DATED: September 18, 2023

Respectfully submitted,

DEFENDANT NORTHEASTERN UNIVERSITY,

By its attorneys:

/s/Molly C. Mooney
Robert A. Fisher (BBO No. 643797)
rfisher@seyfarth.com
Molly C. Mooney (BBO No. 687812)
mmooney@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210
Telephone:   (617) 946-4800
Facsimile:   (617) 946-4801

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2023, a copy of the foregoing Notice of Removal was filed electronically through the Court's ECF system. Paper and electronic copies were served on the following counsel for plaintiff:

Michael F. Schulz
Schulz Law Offices, LLC
1340 Main Street
Osterville, MA 02655
mschulz@schulzlawoffices.com

/s/Molly C. Mooney
Molly C. Mooney

97847704v.1